# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWIN GAUL,<br><br>        Petitioner,<br><br>   v.<br><br>J. HARTLEY,<br><br>        Respondent.<br>_____/ | 1:08-cv-00013 OWW DLB HC<br><br>ORDER DENYING RESPONDENT'S REQUEST TO STAY PROCEEDINGS AND ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>[Doc. 8] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition for writ of habeas corpus on November 20, 2007, in the United States District Court for the Central District of California, Western Division. (Court Doc. 1.) On December 17, 2007, the action was transferred to this Court, and filed and received on January 2, 2008. (Id.) On February 28, 2008, the Court directed Respondent to file a response to the petition. An answer to the petition was due on or before May 28, 2008. (Court Doc. 5.) However, on this date, Respondent did not file an answer, and instead filed a motion to stay the proceedings pending the Ninth Circuit's en banc review in Hayward v. Marshall, 512 F.3d 536 (9th Cir.2008), *reh'g en banc granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008). Respondent did not seek leave to file the instant motion for stay or request relief from noncompliance of the Court's March 12, 2008, order. In addition, Respondent does not give any indication of any work done on the answer. As stated in the

1

Court's March 12, 2008, order, "[a]ll provisions of Local Rule 11-110 are applicable. . ." (Court Doc. 4.) Local Rule 11-110 states that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

**DISCUSSION**

As Respondent notes, the Ninth Circuit has acknowledged that this Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 863 (9th Cir.1979). However, the Ninth Circuit has also determined that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." Yong v. Immigration and Naturalization Service, 208 F.3d 1116, 1119 n. 2 (9th Cir.2000). In addition, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Yong, 208 F.3d at 1120. "Special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id., *quoting* Fay v. Noia, 372 U.S. 391, 400 (1963). In Yong, the Ninth Circuit addressed an analogous situation where the district court issued a stay pending a decision from the Supreme Court. The Ninth Circuit found that although considerations of judicial economy are appropriate, they cannot justify an indefinite and potentially lengthy stay of a habeas proceeding. Id. at 1120-21. Consequently, the Ninth Circuit ruled the district court abused its discretion in granting a stay.

In this case Respondent asks the Court to stay the proceedings pending a decision in Hayward. Like Yong, such a stay would be lengthy. As well, this is a habeas proceeding and therefore implicates special considerations that limit the Court's authority to issue a stay. But more importantly, as Petitioner points out, there is ample binding precedent from the Ninth Circuit other than Hayward which bear on the issues in the petition. See Superintendent v. Hill, 472 U.S. 445, 457 (1985); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.2003); Sass v. California

1  Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir.2006); Irons v. Carey, 505 F.3d 846, 851

2  (9th Cir.2007). Pursuant to Yong, this Court has no authority to await a further ruling from the

3  Ninth Circuit before applying these binding precedents. 208 F.3d at 1119 n. 2.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Respondent's motion for stay is DENIED; and,
2. Within **ten (10)** court days from the date of service of this order, Respondent shall show cause why sanctions should not be imposed for failure to comply or otherwise seek leave for noncompliance with the Court's March 12, 2008, order to file a response.

IT IS SO ORDERED.

Dated:   **June 6, 2008**              /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE