UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| PAUL EDWIN GAUL,<br><br>                        Petitioner,<br><br>vs.<br><br>JAMES HARTELY, Warden,<br><br>                        Respondent. | Civil No.     1:08-0013 BTM<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |

## I.  INTRODUCTION

Paul Edwin Gaul, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California challenging a 2006 decision of the Board of Parole Hearings. Based on a review of the Petition, Respondent's Answer and Memorandum of Points and Authorities in Support of the Answer, the Lodgments submitted by Respondent, Petitioner's Traverse and other supporting documents, the Court **ORDERS** the Petition be **DENIED**.

## II.  BACKGROUND AND CLAIMS RAISED IN FEDERAL PETITION

Paul Edwin Gaul ("Gaul") is a state prisoner who was sentenced in 1994 to 15-years-to-life for second degree murder. On September 15, 2005, the California Board of Parole Hearings ("Board") granted him parole. On January 30, 2006, the Governor reversed the

/ / /

1  Board's decision.  (Resp't Ex. 1, Att. 1.)  On April 28, 2006, the Board notified Gaul that
2  another parole suitability hearing would be held on September 6, 2006.  (*Id.*, Att. 3.)

3  On June 16, 2006, Gaul filed a petition for habeas corpus in the Superior Court for Los
4  Angeles County.  In the petition, Gaul claimed that the Board's 2005 suitability determination
5  became final 120 days after the decision and, because the Governor's reversal of the Board's
6  decision came *after* the 120 day time limit, the Board was not permitted to conduct subsequent
7  suitability hearings.  Under such circumstances, Gaul argued, the Board must hold a "Progress
8  Hearing." (Resp't Ex. 1 at 5-9.)  He claimed that if the Board were to hold another "suitability"
9  hearing, it would be a violation state law and his federal due process rights.  (*See id.* at 6, 8-9.)
10 Gaul asked the state court to prohibit the Board from holding another parole consideration
11 hearing and find that they may only hold subsequent "progress hearings."  (*See id.* at 10.)  The
12 superior court denied the petition on May 16, 2007.  (Resp't Ex. 2.)

13 Gaul then filed a petition for habeas corpus in the California Court of Appeal on July 16,
14 2007, raising the same claims contained in his petition to the superior court.  (Ex. 3.)  The
15 appellate court denied the petition on July 19, 2007.  (Resp't Ex. 4.)  On July 30, 2007, Gaul
16 filed a petition with the California Supreme Court.  (Resp't Ex. 5.)  The petition was denied on
17 September 12, 2007.  (Resp't Ex. 6.)

18 Gaul filed the instant federal petition for habeas corpus on January 2, 2008.  Gaul raises
19 the same claims in his federal petition as those presented in his state court petitions.  He again
20 argues it is a due process violation of a state-created liberty interest for the Board to schedule
21 a subsequent parole consideration hearing when there is no state regulatory or statutory authority
22 authorizing such a hearing.  (*See* Pet. at 5-7.)

23 **III.    DISCUSSION**
24     **A.    Scope of Review**
25 Title 28, United States Code, § 2254(a), sets forth the following scope of review for
26 federal habeas corpus claims:
27 / / /
28 / / /

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in *violation of the Constitution or laws or treaties of the United States*.

28 U.S.C § 2254(a) (emphasis added).

The current petition is governed by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was *adjudicated on the merits* in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (emphasis added).

To obtain federal habeas relief, Gaul must satisfy either § 2254(d)(1) or § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 403 (2000). The Supreme Court interprets § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13; *see Lockyer v. Andrade*, 538 U.S. 63, 73-74 (2003).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds

by *Lockyer*, 538 U.S. at 75-76); *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" *id.*, the state court decision will not be "contrary to" clearly established federal law. *Id.*

**B.     Analysis**

As discussed above, Gaul claims the procedure by which the Board seeks to review his parole suitability amounts to a due process violation of a state protected liberty interest. Gaul alleges specifically that, under state law, the Board's 2005 suitability determination became "final" 120 days after the hearing, on January 13, 2006. Thus, the Board's decision to grant Gaul parole had already become "final" when the Governor reversed the decision on January 30, 2006. Gaul claims that as a result, the Board is not permitted to conduct subsequent suitability hearings. Rather, under such circumstances, Gaul argues, the Board must hold a "Progress Hearing" pursuant to 15 Cal. Code Regs. tit. 15 § 2269(a).[1] (*See* Pet. at 5-7.) He claims failure to do so is a violation of state law and amounts to a violation of his federal due process rights. (*See id.*)

Because there is no reasoned decision from the state's highest court on these claims, the Court "looks through" to the last reasoned state court decision which addressed the claims, the Superior Court for the County of Los Angeles. *See Ylst*, 501 U.S. at 801-06.

In denying the claim, the superior court stated:

> The Board of Parole Hearings ("Board") found petitioner suitable for parole at a parole consideration hearing held on September 15, 2005, pending approval from the Governor. The Governor is authorized to reverse the Board's grant of parole. (Pen. Code §3041.2.) In this case, the Governor exercised his authority to reverse the Board's grant. The Board's decision did not become final because it was not approved by the Governor. Because petitioner has not been found suitable for parole, the Board may hold subsequent hearings to determine petitioner's suitability for parole. Accordingly, the petition is denied.

---

[1] Section 2269(a) of Title 15 of the California Code of Regulations states: "At [the Progress Hearing] the hearing panel shall determine whether a previously set parole date should be advanced because of the prisoner's conduct in prison or any change in circumstance under the criteria in Section 2290." Cal. Code Regs., tit. 15 § 2269(a).

(Resp't Ex. 2 at 1.)

To the extent Gaul argues that the holding of subsequent parole hearings would be erroneous as a matter of California law, he fails to state a cognizable claim. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle. McGuire*, 502 U.S. 62, 67 (1991).

Moreover, to the extent Gaul's claims that his federal due process rights were violated, he is not entitled to habeas relief under 28 U.S.C. § 2254(d). Under California law, inmates are granted parole consideration hearings before panels. While panel decisions may indicate that they "grant" parole, these decisions are, in fact "proposed decisions [which] shall be reviewed prior to their effective date." Cal. Code Regs., tit. 15, § 2041(a). A decision of a panel finding an inmate suitable for parole becomes effective 120 days after the hearing date. Cal. Pen. Code, § 3041(b); Cal. Code Regs., tit. 15, § 2041(h). In California, however, the Governor possesses ultimate authority to affirm, modify, or reverse the decisions. Cal. Const., art. V, § 8.[2] "In order to allow the Governor time to act, no decision [by the Board] granting, denying, revoking, or suspending parole for such a prisoner is final for a period of 30 days." *In re Tokhmanian*, 168 Cal. App. 4th 1270, 1273 (Ct. App. 2008); *see also* Pen.Code, § 3041.2. The Governor's 30-day period commences on the effective date of the panel's decision. *In re Arafiles*, 6 Cal. App. 4th 1467, 1474 (Ct. App. 1992). "As the panel's decision granting parole is not effective for 120 days to allow the board time to act, the Governor's 30-day period does not begin until after that time." *Tokhmanian*, 168 Cal. App. 4th at 1273. When reviewing constitutional claim on habeas corpus, a federal court must defer to a state's interpretations of its own statutes and regulations. *See Estelle*, 502 U.S. at 67-68; *see also Himes v. Thompson*, 336 F.3d 848 (9th Cir. 2003) (stating that "it is axiomatic that we defer to [the state courts] regarding predicate questions related to the interpretation of the parole regulations.")

---

[2] California Constitution, article V, section 8 (b) provides, in pertinent part, "No decision of the parole authority of this state with respect to the granting, denial, revocation, or suspension of parole of a person sentenced to an indeterminate term upon conviction of murder shall become effective for a period of 30 days, during which the Governor may review the decision subject to procedures provided by statute."

Because the state acted in accordance with a proper interpretation of its own statutes, no due process violation has occurred. As the state court found, the Board's parole grant became effective on January 13, 2006, after which the Governor had until February 12, 2006 to act on the Board's decision. *See id.* The Governor reversed the Board's decision on January 30, 2006. (Resp't Ex. 1, Att. 1.) Therefore, the Board's decision granting Gaul parole never became final. Accordingly, the Board must hold subsequent suitability hearings to determine Gaul's parole suitability. Gaul was not "granted" parole effective January 13, 2006, and thus he is not entitled to a progress hearing under California law. *See* Cal. Code Regs. tit. 15 § 2269.

Finally, the state's court's denial of Gaul's claim is also neither contrary to nor an unreasonable application of clearly established Supreme Court law. Courts have held that "California prisoners whose sentences provide for the possibility of parole have a constitutionally protected liberty interest in the receipt of a parole release date, a liberty interest [that is] protected by the procedural safeguards of the Due Process Clause." *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007); *see also Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2007). There is, however, no clearly established law requiring the Board to hold a "progress hearing" upon the Governor's reversal of the Board's suitability determination. Accordingly, Gaul is not entitled to habeas relief. *See Carey v. Musladin,* 549 U.S. 70, 77 (2006); *see also* 28 U.S.C. § 2254(d).

### IV.   CONCLUSION

For the foregoing reasons, the Petition for writ of habeas corpus is therefore **DENIED**. Further, because Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court **DENIES** a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  March 25, 2010

Honorable Barry Ted Moskowitz
United States District Judge